UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOSEPH MITCHELL,

                              Petitioner,

v.

                              Case Nos. 14-CV-6350-FPG
                              11-CR-6019-FPG

UNITED STATES OF AMERICA,

                              DECISION AND ORDER

                              Respondent.

**INTRODUCTION**

Petitioner Joseph Mitchell brings a motion to vacate under 28 U.S.C. § 2255. His claims are spread over four separate filings, which the Court considers together. *See* ECF Nos. 131, 177, 191, 215. The government opposes the motion. ECF No. 208. For the reasons that follow, the motion is DENIED.

**BACKGROUND**

On January 25, 2011, Mitchell was indicted on one count of drug conspiracy. ECF No. 1. Attorney Paul MacAuley was appointed as defense counsel. ECF No. 7. In August 2011, a superseding indictment was filed, charging Mitchell with drug conspiracy (Count I), possession of firearms in furtherance of drug trafficking (Count II), money laundering conspiracy (Count VII), and escape (Count VIII). ECF No. 33. On March 28, 2013, Mitchell pleaded guilty to those counts. ECF No. 104. On June 26, 2013, the Court sentenced Mitchell. ECF No. 117. Judgment was entered against Mitchell on July 1, 2013. ECF No. 119.

On September 30, 2013, Mitchell, acting *pro se*, filed a motion requesting that he be permitted to file a late notice of appeal. ECF No. 124. Mitchell alleged that Attorney MacAuley had failed to file a timely notice of appeal on his behalf. On October 29, 2013, this Court denied

the motion, concluding that it was "without jurisdiction to grant the requested extension." ECF No. 126 at 2. On November 8, 2013, Mitchell filed a notice of appeal. ECF No. 127. On June 20, 2014, the Second Circuit issued a mandate in which it vacated the Court's order and remanded the case to the Court "with instructions to: (1) construe Appellant's motion for an extension of time as [a] motion under 28 U.S.C. § 2255 alleging ineffective assistance of counsel based on his attorney's failure to file a notice of appeal despite Appellant's request that he do so; and (2) conduct the evidentiary hearing required under *Campusano v. United States*, 442 F.3d 770, 776 (2d Cir. 2006)."[1] ECF No. 130 at 1-2.

On June 24, 2014, Mitchell filed a formal motion to vacate under 28 U.S.C. § 2255. ECF No. 131. In addition to alleging that Attorney MacAuley failed to file a timely notice of appeal, Mitchell alleged that he provided ineffective assistance because he erroneously advised Mitchell to "waive his right to benefit from any future change in the law" in the plea agreement; because he failed to inform Mitchell of his right to appeal an adverse suppression ruling; and because he failed to preserve that right as part of the plea agreement. ECF No. 131-1 at 2-4.

Following the Second Circuit's mandate, this Court scheduled a *Campusano* hearing, and it appointed counsel for Mitchell in connection with the hearing. *See* ECF Nos. 143, 147. The Court held hearings on November 16 and December 10, 2015, after which it orally denied Mitchell's motion based on *Campusano*. *See* ECF Nos. 148, 149. The Court found that Mitchell was not credible and that he never asked Attorney MacAulay to file a notice of appeal. *See* ECF

---

[1] In *Campusano*, the Second Circuit held that defense counsel is constitutionally ineffective if he "disregards a client's instruction to file a direct appeal," even where "the client [has] waived the right to appeal in a plea agreement." *Gonzalez v. United States*, No. 08-CV-305, 2008 WL 3845367, at *1 (D. Conn. Aug. 15, 2008) (discussing *Campusano*). When a defendant raises such a claim in a § 2255 proceeding, the district court's threshold task is to hold a hearing to determine "whether the [defendant] requested the appeal." *Campusano*, 442 F.3d at 776.

No. 176 at 40. On December 21, 2015—before the Court issued its written order—Mitchell appealed the Court's *Campusano* ruling. *See* ECF Nos. 150, 151.

In late July 2017, while his appeal was pending, Mitchell requested extensions of time to submit an amended motion to vacate under § 2255. *See* ECF Nos. 166, 167. The Court did not act on those requests. On January 2, 2018, Mitchell filed a new motion to vacate raising additional grounds. ECF No. 177.

On March 22, 2019, the Second Circuit issued a mandate affirming the Court's *Campusano* ruling and remanding for further proceedings. Specifically, the Second Circuit stated that it was unclear whether this Court had disposed of Mitchell's other claims from his June 2014 motion to vacate. It therefore asked this Court to "either address Mitchell's additional section 2255 claims or clarify the basis for rejecting those claims." ECF No. 185 at 4.

Recognizing that this case "has had a long, complex post-plea procedural history," the Court took steps to clarify Mitchell's claims and avoid further piecemeal litigation. ECF No. 187 at 3-4. It therefore construed his June 2014 motion to vacate (ECF No. 131) as the operative motion and his January 2018 motion to vacate (ECF No. 177) as a motion to amend. It then denied the motion to amend without prejudice and ordered Mitchell to submit an amended motion to vacate that set forth all of the claims he wished to pursue. ECF No. 187 at 4.

On May 20, 2019, Mitchell submitted an amended motion in which he raised several new grounds and incorporated by reference all of the grounds he raised in his previous motions. ECF No. 191. Accordingly, the Court held that "the operative motion is the May 2019 motion to vacate (ECF No. 191), which incorporates by reference the earlier motions to vacate (ECF Nos. 131, 177)." ECF No. 192 at 1.

On September 25, 2019, the government filed its opposition to Mitchell's motion. ECF No. 208. On January 2, 2020, Mitchell filed a reply affidavit. ECF No. 215.

## DISCUSSION

Mitchell's arguments can be broadly grouped into four categories: (1) claims that his guilty plea lacked the requisite factual basis; (2) claims that his attorney provided ineffective assistance; (3) new claims raised in the reply affidavit; and (4) a request for appointment of counsel to obtain relief under the First Step Act. The Court takes up each category in turn.

### I. Legal Standard

Section 2255(a) provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). Accordingly, collateral relief is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Bokum*, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotations and citation omitted). A court may dismiss a Section 2255 motion without a hearing if the motion and the record conclusively show that the movant is not entitled to relief. *See, e.g.*, *Chang v. United States*, 250 F.3d 79, 85-86 (2d Cir. 2001) (district court not required to hold hearing before deciding Section 2255 motion based on ineffective assistance of counsel claim alleging that counsel prevented petitioner from testifying, where petitioner made only general allegations and record contained affidavit from counsel explaining

why petitioner did not testify). A hearing is warranted only where the movant establishes that his claim is plausible. *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009).

## II. Analysis

### a. Lack of Factual Basis for Plea

Mitchell argues that his plea to the drug conspiracy, firearms, and money laundering conspiracy charges lacked an adequate factual basis.

As to the drug conspiracy charge, Mitchell argues that it "should be ruled void" because he "never admitted to being in agreement to conspire with anybody," an essential element of that offense. ECF No. 177 at 3.

For two reasons, Mitchell's claim fails. First, Mitchell's claim is procedurally barred because he did not raise it on direct appeal.[2] "A § 2255 petition may not be used as a substitute for direct appeal. In order to raise a claim that could have been raised on direct appeal, a § 2255 petitioner must show cause for failing to raise the claim at the appropriate time and prejudice from the alleged error." *Hardy v. United States*, No. 11 Civ. 8382, 2012 WL 843384, at *5 (S.D.N.Y. Mar. 14, 2012). Courts have routinely found claims based on the alleged absence of a factual basis procedurally barred because the movant did not raise the issue on direct appeal. *See, e.g.*, *id.* at *4-5; *Liedke v. United States*, No. 13 Civ. 397, 2015 WL 4111561, at *9 (S.D.N.Y. June 1, 2015); *Vincent v. United States*, No. 11-CV-310, 2012 WL 6899935, at *2 (W.D.N.Y. Sept. 5, 2012); *Naut v. United States*, No. 10 Civ. 7563, 2011 WL 3370398, at *3-4 (S.D.N.Y. Aug. 3, 2011). Because Mitchell failed to raise this issue on appeal and has not articulated any viable reason why he could not do so, this claim is procedurally barred.

---

[2] Mitchell did not file a timely notice of appeal and, as the Court concluded as part of the *Campusano* hearing, Mitchell never asked his counsel to do so. *See* ECF No. 176 at 40; *see also* Fed. R. App. P. 4(b)(1)(A)(i).

Second, even assuming that Mitchell could overcome the procedural bar, his claim fails on the merits. Rule 11 of the Federal Rules of Criminal Procedure requires the district court, "before entering a judgment on a guilty plea . . . to determine that there is a factual basis for the plea." *Naut*, 2011 WL 3370398, at *3 (quoting Fed. R. Crim. P. 11(b)(3)). "To establish a factual basis, the Court may rely on representations of the defendant, of the attorneys for the government and the defense, or of the presentence report . . . and indeed may use whatever means is appropriate in a specific case." *Hardy*, 2012 WL 843384, at *6 (internal quotation marks and brackets omitted). "If the Court decides there was no factual basis for a guilty plea after accepting it, the court should vacate the plea and enter a plea of not guilty on behalf of the defendant." *Id.* at *5 (internal brackets omitted).

"The elements of a conspiracy to distribute or possess with intent to distribute narcotics in violation of 21 U.S.C. § 846 are the existence of such a conspiracy and the defendant's willful joining it." *United States v. Medrano*, 511 F. App'x 40, 41 (2d Cir. 2013) (summary order) (internal quotation marks and brackets omitted). Here, the record belies Mitchell's contention that he never admitted to joining the conspiracy.

At the hearing, Mitchell signed the plea agreement, which set forth the factual basis for the drug conspiracy and his role in it. ECF No. 129 at 3, 31; ECF No. 101 at 5-7, 21. Mitchell also affirmed that he understood the elements of the charge, ECF No. 129 at 9, that "he had a significant role in this conspiracy to distribute [] cocaine to Rochester and the Elmira, New York area," *id.* at 13, and that his role involved "supervising . . . other people that were working in this conspiracy," including "being the one in contact with suppliers." *Id.* at 14; *see also id.* at 15-16. Mitchell's admissions, both orally and in the signed plea agreement, establish a factual basis for his plea to

6

drug conspiracy. *See United States v. Peterson*, 48 F. App'x 348, 349-50 (2d Cir. 2002) (summary order).

To be sure, Mitchell equivocated on a few occasions during his plea colloquy. When asked whether his involvement in the conspiracy included "the overseeing of the preparation and distribution of cocaine and cocaine base by others," the following exchange occurred:

> **[THE COURT:]** Do you agree that was your involvement?
>
> **THE DEFENDANT:** No, but I got to plead guilty.
>
> **THE COURT:** Well, tell me what your involvement with that was.
>
> **THE DEFENDANT:** I never sold anything. I just plead guilty.
>
> **THE COURT:** Well, I don't want you to just plead guilty, okay? I have to have you admit or not admit your involvement in this case.
>
> This alleges that you did agree with others to possess with intent to distribute cocaine, and that you had a particular role in that case, including overseeing this operation of the distribution of cocaine in both Rochester and Elmira.
>
> **THE DEFENDANT:** It was never agreement, but like I said, I can't - -

ECF No. 129 at 12-13. At this point, Attorney MacAulay interrupted to explain that Mitchell was "having trouble with the word 'oversaw.' He's certainly willing to admit . . . that he was involved in the agreement with other parties to import and distribute cocaine." *Id.* at 13. The Court asked whether Mitchell admitted "that he had a significant role in this conspiracy to distribute the cocaine," and Mitchell responded "Yes." *Id.* His subsequent responses to such questions are likewise unequivocal. *See id.* at 14, 15-16.

Defendant's initial equivocation does not undermine his subsequent admissions or the factual basis for his plea. Although a defendant's flat denial of a material element may undercut

7

the factual basis for a guilty plea, minor equivocation followed by tepid but unambiguous admissions does not. *Compare Montgomery v. United States*, 853 F.3d 83, 85 (2d Cir. 1988) (insufficient factual basis for plea to drug conspiracy where defendant "flatly refused to admit that he conspired" with another), *with United States v. Vargas*, 291 F. App'x 450, 452 (2d Cir. 2008) (summary order) (sufficient factual basis for plea existed where "following initial remarks that tended to minimize his conduct, [the defendant] explicitly conceded" to the facts supporting the charge), *and Saleh v. United States*, No. 13-CV-1567, 2016 WL 4734601, at *8 (E.D.N.Y. Sept. 9, 2016) (sufficient factual basis for plea where, "[a]fter equivocating on some of the government's contentions, Petitioner ultimately confirmed the legally relevant portions of government's account of the money laundering schemes"). Along with his signed plea agreement, Mitchell's affirmative answers to the Court's questions provide the necessary factual basis for his plea.[3] *See United States v. Torrellas*, 455 F.3d 96, 103 (2d Cir. 2006) ("[A] straightforward and simple 'Yes, your Honor' is sufficient to bind a defendant to its consequences.").

For the same reasons, Mitchell cannot successfully attack the factual basis for his plea to money laundering conspiracy and possession of a firearm in furtherance of drug trafficking. *See* ECF No. 177 at 4-5. In his plea agreement and at the hearing, Mitchell affirmed that he knowingly and unlawfully possessed firearms in furtherance of the drug conspiracy. *See* ECF No. 101 at 6; ECF No. 129 at 15; *see also United States v. Pirk*, 267 F. Supp. 3d 406, 425 (W.D.N.Y. 2017) (listing elements of offense). He also affirmed the facts underlying the money laundering

---

[3] Similarly, at sentencing, Mitchell attempted to minimize his role in the drug conspiracy—including by disagreeing that there ever was an agreement to distribute controlled substances—but after a back-and-forth with the Court he conceded the existence of a conspiracy. *See* ECF No. 125 at 4-7; *see also id.* at 17 (admitting that he is "guilty of selling drugs, and . . . it's time to accept responsibility and pay [his] debt to society").

8

conspiracy charge. *See* ECF No. 101 at 6-7; ECF No. 129 at 15-16; *see also United States v. Broughton*, 689 F.3d 1260, 1280 (11th Cir. 2012) (listing elements of offense).

Accordingly, Mitchell is not entitled to relief on the theory that the factual basis for his plea was lacking.

### b. Ineffective Assistance of Counsel

Mitchell claims that Attorney MacAuley was ineffective because he:

1. did not explain to Mitchell the essential elements of the charges for drug conspiracy, possession of a firearm in furtherance of drug trafficking, and money laundering conspiracy;

2. did not inform the Court during the plea colloquy that Mitchell denied the factual bases of those charges;

3. gave incorrect advice regarding the meaning of paragraph 27 of the plea agreement;

4. advised him to plead guilty to a drug-quantity enhancement for the drug conspiracy charge;

5. never informed Mitchell that he could appeal the adverse suppression ruling;

6. failed to obtain a conditional plea that would have allowed Mitchell to appeal the adverse suppression ruling;

7. did not raise challenges under *Franks v. Delaware*, 438 U.S. 154 (1978);

8. did not seek to suppress certain evidence;

9. did not object to the Report & Recommendation that granted in part and denied in part Mitchell's motion to suppress;

10. did not properly investigate possible defenses to the drug conspiracy charge; and

11. did not seek a reduction to Mitchell's guideline sentence based on his minor role in the drug conspiracy.

*See generally* ECF Nos. 131, 177, 191, 215.

An ineffective assistance of counsel claim "may be brought in a collateral proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 504 (2003). To prevail, a defendant must "(1) show that his counsel's representation 'fell below an objective standard of reasonableness' under 'prevailing professional norms' and overcome a 'strong presumption' that his counsel's conduct was reasonable, and (2) 'affirmatively prove prejudice' by showing that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different." *Guzman v. United States*, 363 F. Supp. 3d 396, 398 (S.D.N.Y. 2019) (quoting *Strickland v. Washington*, 466 U.S. 688, 688-89 (1984)). "Only if both elements are satisfied can a defendant demonstrate that his counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment, and that the defendant was, as a result, deprived of a fair proceeding."[4] *Id.* at 398-99 (internal quotation marks omitted).

As to the first *Strickland* prong, "constitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005). "The performance inquiry examines the reasonableness of trial counsel's actions under 'all circumstances' from the perspective of trial counsel at the time." *Id.* "[A] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

"To prove the second *Strickland* prong - prejudice from inadequate representation - where the movant asserts that his attorney's deficient performance induced him to enter the plea

---

[4] Attorney MacAulay passed away in December 2016. That fact "does not change the *Strickland* analysis." *Hough v. United States*, 253 F. Supp. 3d 560, at 565 (W.D.N.Y. 2017).

agreement and plead guilty, the movant must show that 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Guzman*, 383 F. Supp. 3d at 399 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "Where petitioner does not allege in his habeas petition that, had counsel correctly informed him about the plea agreement, he would have pleaded not guilty and insisted on going to trial, the second *Strickland* prong is not met." *Id.* (internal quotation marks and brackets omitted).

To meet the prejudice prong, the petitioner must at a minimum present a sworn statement regarding his intent. *See Puglisi v. United States*, 586 F.3d 209, 217 (2d Cir. 2009). Even with such a statement, "conclusory allegations that a defendant would have insisted on proceeding to trial are generally insufficient to establish actual prejudice under *Strickland*." *United States v. Deptula*, No. 10-CR-82, 2016 WL 7985815, at *9 (D. Vt. Oct. 13, 2016) (internal quotation marks omitted). "The Second Circuit generally requires some *objective evidence* other than defendant's assertions to establish prejudice." *Id.* (internal quotation marks omitted and emphasis added). The Court examines the "record as a whole to determine whether a reasonable probability exists that absent counsel's error," the petitioner would have insisted on going to trial. *United States v. Arteca*, 411 F.3d 315, 321 (2d Cir. 2005).

Importantly, because Mitchell pleaded guilty, the range of issues he may raise with respect to counsel's ineffectiveness is circumscribed. "[T]o the extent that the [defendant's] grounds for relief do not relate to the validity of the plea itself, but are veiled attacks on antecedent constitutional violations, relief under Section 2255 is precluded." *LaMarco v. United States*, 336 F. Supp. 3d 152, 166 (E.D.N.Y. 2018). This is because a guilty plea "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." *United States v. Gregg*, 463 F.3d 160, 164 (2d Cir.

2006). "Therefore, if a petitioner has validly admitted guilt, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *LaMarco*, 336 F. Supp. 3d at 166. Instead, "the only proper focus of a federal habeas inquiry in such a situation is the voluntary and intelligent character of the guilty plea." *Id.* (internal quotation marks and brackets omitted). This means that, to raise an ineffectiveness claim "despite a guilty plea . . . the petitioner must show that the plea agreement was not knowing and voluntary" because "the advice he received from counsel was not within acceptable standards." *Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008).

An example may be helpful. In *Parisi v. United States*, a petitioner brought a habeas petition on the theory that his trial counsel was ineffective for "failing to move for dismissal of the indictment with prejudice" under the Speedy Trial Act. *Id.* at 136. The petitioner argued that, if trial counsel had pursued the Speedy Trial Act claim, the indictment would have been dismissed and he would not have pleaded guilty. *Id.* at 138. The Second Circuit noted that "much of [the petitioner's] argument misses the point because it focuses on pre-plea events rather than the plea agreement process." *Id.* A challenge that "rests on [the] assertion that an effective lawyer would have successfully obtained dismissal of [the] case[] does not relate to the process by which [the defendant] agreed to plead guilty." *Id.* By contrast, a defendant who pleaded guilty may still raise a claim that his attorney gave poor advice that undercut "the knowing and voluntary nature of the defendant's plea decision." *Id.* at 139. Thus, the Second Circuit concluded that, despite his guilty plea, the petitioner could raise a claim that "his attorney was ineffective in advising him to accept the plea agreement rather than advising him to move to dismiss the indictment with prejudice based on alleged Speedy Trial Act violations." *Id.*

### i. Failure to Explain Essential Elements & Failure to Inform Court that Plea Lacked Factual Basis

Mitchell argues that Attorney MacAuley "failed to ensure that [he] understood all the elements" to his charges and should have informed the Court that he affirmatively denied some of the elements. ECF No. 177 at 6. As noted above, however, Mitchell's assertions are contradicted by the record. Mitchell affirmed that he understood the elements of his charges and agreed with the proffered factual basis. *See generally* ECF No. 129. He also stated that he had reviewed the plea agreement with Attorney MacAuley, which sets forth the elements and factual basis for Mitchell's charges. *See id.* at 3; ECF No. 101 at 3-7. Mitchell's conclusory allegations in his petition do not rebut his sworn statements at the plea hearing, which enjoy "a strong presumption of veracity." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea.").

In short, there is no plausible basis in the record to conclude that Attorney MacAuley failed to explain the elements of the charges: to the contrary, he reviewed the elements and factual basis of the charges with Mitchell, Mitchell affirmed his understanding of the charges and agreed with the proffered factual basis, and Mitchell indicated he was satisfied with Attorney MacAuley's representation. *See* ECF No. 129 at 3, 5-17, 34. As a result, there would have been no reason for Attorney MacAuley to inform the Court that Mitchell denied the elements. *See United States v. Pichardo*, 595 F. App'x 19, 21 (2d Cir. 2014) (summary order).

Even if Mitchell's claim could satisfy the first *Strickland* prong, he cannot show prejudice. He does not proffer any sworn statement that he would have insisted on going to trial if Attorney Macauley had explained the elements or interceded in the plea allocution. Nor does Mitchell offer objective evidence to support such a claim. *See Deptula*, 2016 WL 7985815, at *9; *United States*

*v. Nataniel*, No. 15-CR-588, 2019 WL 653137, at *8 (E.D.N.Y. Feb. 13, 2019) (collecting cases). Therefore, Mitchell is not entitled to relief.

### ii. Pre-Plea Errors

Mitchell asserts that, before the plea, Attorney MacAuley was ineffective when he (1) did not seek a *Franks* hearing; (2) did not move to suppress certain evidence; (3) did not object to a Report & Recommendation; and (4) did not properly investigate defenses to the drug conspiracy charge.[5] *See* ECF No. 191 at 4-5, 8; ECF No. 215 at 5-6, 7. As discussed above, these claims are barred because they "focus[] on pre-plea events rather than the plea agreement process."[6] *Parisi*, 529 F.3d at 138; *see also Hill v. United States*, No. 13 Civ. 1107, 2014 WL 104565, at *7 (S.D.N.Y. Jan. 7, 2014) (counsel's failure to investigate certain evidence or move to suppress evidence barred by guilty plea).

---

[5] Mitchell also argues that appellate counsel failed to investigate possible defenses to the drug conspiracy charge. ECF No. 191 at 5. Mitchell cannot show prejudice as to this claim. "To show prejudice by appellate counsel's failings under the second prong of the *Strickland* test, petitioner must establish a reasonable probability that the omitted claim would have been successful before the appellate court." *Mendez v. United States*, 379 F. Supp. 2d 589, 593 (S.D.N.Y. 2005) (internal quotation marks and brackets omitted). Mitchell seems to suggest that if counsel had investigated further, he would have found that there was no underlying agreement to support the drug conspiracy charge. But, given that Mitchell affirmed there was such an agreement as part of his plea, he cannot show that this claim would have been successful on appeal. Furthermore, because Mitchell did not file a timely notice of appeal, his appeal would have been unsuccessful regardless. *See United States v. Tapia-Ortiz*, 593 F. App'x 68, 70 (2d Cir. 2014) (summary order) ("[T]imely filing of a notice of appeal is 'mandatory and jurisdictional.'").

[6] In an apparent attempt to circumvent the bar, Mitchell couches his arguments concerning the *Franks* hearing and the failure to move to suppress in terms of "bad advice." *See, e.g.*, ECF No. 191 at 4 (arguing that Attorney MacAuley gave him "bad advice" to plead guilty without first seeking to suppress evidence). Even if this could overcome the bar, Mitchell neither alleges that he would have insisted on going to trial had Attorney MacAuley advised him of these matters, nor presents objective evidence to that effect. Therefore, he cannot show prejudice.

### iii. Paragraph 27 of the Plea Agreement

In the plea agreement, Mitchell agreed to waive his right to appeal or collaterally attack his sentence so long as it was within or below the guideline range. *See* ECF No. 101 at 14-15. Paragraph 27 reads:

> The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

*Id.* at 15. Mitchell contends that Attorney MacAuley erroneously explained this provision, telling him that he would only be waiving the right to collaterally attack his sentence as to facts or changes in the law learned before sentencing, "but not to any newly discovered facts or change in the law that [he became] aware of after [his] sentencing." ECF No. 131-1 at 6. Mitchell avers that he "would not have accepted the plea offer had [he] known that [his] attorney's information was erroneous." *Id.*; *see also* ECF No. 215 at 4.

Mitchell has not sufficiently demonstrated prejudice. In the first place, while Mitchell states that he would not have accepted the plea offer, he does not assert that he would have insisted on going to trial but for counsel's error. The two are not the same. *Cf. United States v. Lawson*, 947 F.2d 849, 853 n.1 (7th Cir. 1991) (noting the distinction between seeking to withdraw guilty plea and insisting on going to trial) Even if the Court construes his allegation as such, Mitchell does not point to any objective evidence to show a reasonable probability that, absent the error, he "would have insisted on going to trial." *Maldonado v. Warden, Adirondack Corr'l Facility*, No. 17-CV-6368, 2019 WL 3321746, at *4 (E.D.N.Y. July 23, 2019). Mitchell affirmatively acknowledged his participation in the drug conspiracy, *see, e.g.*, ECF No. 129 at 14-17; ECF No. 125 at 17, and he proffers no "persuasive reason for doubting the strength of the government's

15

case against him." *Arteca*, 411 F.3d at 321. He only asserts that he finds this waiver important because he does not want to be "permanently barred" from seeking relief if the "Supreme Court holds a law, statute or procedure [] wrong or void" in the future. ECF No. 215 at 5. But, aside from his speculative concern about future changes in the law, he does not explain why that right is so important to him that he would have been willing to forego the benefits of the plea agreement—including a credit for acceptance of responsibility and a recommended guidelines sentence—in order to retain it, particularly in light of the possible sentence he otherwise faced. *See United States v. Martinez*, 475 F. Supp. 2d 154, 167 (D. Conn. 2007) (where defendant alleged that counsel failed to explain sentencing enhancements before plea, finding no prejudice because defendant "provide[d] no support for the notion that he would have placed particular emphasis on the possibility of enhancements in deciding whether or not to plead guilty"). Without supporting evidence or further explanation, Mitchell's claim that he would have rejected the plea and insisted on going to trial had he known the meaning of the provision is not even marginally credible.

### iv. Failure to Appeal Report & Recommendation and Obtain a Conditional Plea

Mitchell next contends that Attorney MacAuley never informed him "of his right to appeal the Court's ruling on his Motion to Suppress, nor did counsel seek to preserve Mitchell's right to appeal the Court's suppression ruling as part of the plea agreement." ECF No. 131-1 at 4. Mitchell argues that, had counsel so informed him, he would have "appealed the court suppression ruling and . . . would have requested that [his] right to appeal this ruling be stipulated in the plea agreement." *Id.* at 7.

Mitchell again cannot demonstrate prejudice. He does not even allege, let alone proffer evidence to show, that he would have insisted on going to trial absent these alleged errors. He only seems to allege is that he would have sought a conditional plea had he known of that option.

16

But "[t]he lack of a conditional plea is not a basis for an ineffective assistance of counsel claim if there is no reason to believe that either the Government or the Court would have accepted a conditional plea." *Cortez v. United States*, No. 09 CV 7220, 2011 WL 666245, at *7 (S.D.N.Y. Feb. 10, 2011). In this case, Mitchell proffers no evidence to show that a conditional plea would have been negotiated and accepted. Because he cannot satisfy the prejudice prong, this claim does not have merit. *See id.*

### v. Failure to Explain Drug-Quantity Enhancement

Mitchell appears to argue that Attorney MacAuley never informed him that, if the case were to proceed to trial, the government would bear the burden of proving the drug-quantity sentencing enhancement for his drug conspiracy charge. *See* ECF No. 191 at 4. Mitchell claims that if he had gone to trial, "a lesser drug amount would [have been] found." *Id.*

This argument fails on both prongs. The plea agreement, which Mitchell reviewed with Attorney MacAuley, states that the government would "be required to prove" drug quantity as part of the offense. *See* ECF No. 101 at 3-4. Mitchell affirmed that understanding at the plea hearing and agreed to the necessary factual basis. *See* ECF No. 129 at 9, 14. Accordingly, there is no basis in the record to conclude that Attorney MacAuley failed to explain this information. Rather, Mitchell pleaded guilty to the drug conspiracy charge knowing that the government would be freed from its burden of proof on the matter. *See id.* at 4, 9. Furthermore, although Mitchell states that he "would have elected to go to trial" had he known about the government's burden, ECF No. 191 at 4; ECF No. 215 at 4, he offers nothing to corroborate that conclusory assertion. *See Sinclair v. United States*, No. 12-CV-3344, 2013 WL 3716898, at *7 (S.D.N.Y. July 16, 2013) ("A defendant's bald post-conviction claim that he would have done the opposite of what he did, had he been properly advised, is properly viewed with skepticism.").

17

### vi. Failure to Seek Sentence Reduction for Minor Role

Mitchell's final argument is that Attorney MacAuley should have argued for a guideline reduction based on Mitchell's alleged minor role in the drug conspiracy. ECF No. 191 at 4. It is difficult to see how Attorney MacAuley erred in this respect, given Mitchell's signed plea agreement and sworn statements at the plea hearing: he specifically acknowledged his supervisory role and agreed to an upward adjustment for that reason. *See* ECF No. 101 at 8; ECF No. 129 at 13-14, 17; *see also Garafola v. United States*, 909 F. Supp. 2d 313, 331 (S.D.N.Y. 2012) (summarily rejecting ineffective-assistance claim that "wholly contradicts the petitioner's previous sworn statements in court at the plea proceeding"). Thus, Attorney MacAuley cannot be faulted for failing to seek a reduction that was inconsistent with Mitchell's own admissions and the plea agreement.

### c. New Claims in Reply

In his reply, Mitchell raises several new arguments as to why Attorney MacAuley was ineffective, including that he (1) failed to object to the drug quantity identified in the Presentence Report; (2) never explained "the different standards of proof that would be used to determine drug quantity at sentencing"; (3) falsely promised that Mitchell would receive a "sentence reduction [in the future] because there were cases pending in the Supreme Court that would lower [the] sentence"; and (4) at sentencing, threatened to leave and force Mitchell to represent himself if Mitchell "said 'one word' about the PSR." ECF No. 215 at 3-8.

The Court will not consider these arguments. Mitchell cannot raise entirely new claims in a reply brief. "[I]t is well-settled that a party may not amend its pleadings in its briefing papers." *Maguire v. A.C. & S., Inc.*, 73 F. Supp. 3d 323, 328 (S.D.N.Y. 2014). For that reason, Mitchell's new claims will be disregarded. Moreover, even if the Court were to construe Mitchell's reply as

implicitly seeking to amend his petition, the Court would deny such request. Although leave to amend a habeas petition should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), a district court may nonetheless deny the motion in instances of undue delay. *See, e.g.*, *Thaler v. United States*, 706 F. Supp. 2d 361, 368 (S.D.N.Y. 2009).

On this record, Mitchell's attempt to bring new claims via his reply can only be fairly characterized as the product of undue delay. In April 2019, the Court gave Mitchell a full opportunity to amend his motion to vacate and raise any arguments he wished. *See* ECF No. 187. The Court did so specifically to "avoid further piecemeal litigation" of Mitchell's claims, since Mitchell had filed several petitions over the years to raise new arguments. *Id.* at 4. For some reason, Mitchell did not raise these new claims at that time, but instead waited more than eight months later—after the government filed its opposition—to do so. He offers no explanation for this delay. Absent a reasonable explanation, the Court declines to wholly restart the briefing process given its previous accommodations to Mitchell.[7]

### d. First Step Act

Mitchell requests that he be appointed counsel to investigate relief under the First Step Act. *See* ECF No. 191 at 8. The First Step Act makes retroactive certain provisions of the Fair Sentencing Act of 2010, which increased the drug quantity necessary to trigger mandatory minimums for crack-cocaine trafficking offenses. *United States v. Davis*, No. 07-CR-245, 2019 WL 1054554, at *2 (W.D.N.Y. Mar. 6, 2019). This relief does not apply to Mitchell, however,

---

[7] In any case, the new claims lack merit. Mitchell's arguments are inconsistent with his admissions at the plea hearing, in which he affirms that he was not coerced into the plea, was satisfied with Attorney MacAuley's representation, and understood the standards of proof, elements, and factual basis for the charges. *See, e.g.*, ECF No. 129 at 3, 4, 5, 9. Furthermore, the timing of Mitchell's new allegations that Attorney MacAuley threatened him and made false promises casts serious doubt on their veracity. Mitchell could have raised these arguments at any time in the approximately 6 ½ years since his sentencing, but he only did so at the eleventh hour.

19

because he was sentenced under the more favorable drug-quantity requirements. *See* ECF Nos. 33, 101, 119. As a result, the Court declines to appoint Mitchell counsel. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986) (stating that appointed counsel is "unwarranted where the indigent's chances of success are extremely slim").

## CONCLUSION

Petitioner Joseph Mitchell's motion to vacate pursuant to 28 U.S.C. § 2255 (*see* ECF No. 131, 177, 191, 215) is DENIED. An evidentiary hearing is unnecessary because the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The Court declines to issue a certificate of appealability because Mitchell failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). Further, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and that leave to appeal *in forma pauperis* is denied.

Mitchell must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of this Order. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Federal Rule of Appellate Procedure 24.

IT IS SO ORDERED.

Dated: February 5, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court