UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH MITCHELL,

                        Petitioner,

                                                                         Case Nos. 14-CV-6350-FPG
v.                                                                       11-CR-6019-FPG

UNITED STATES OF AMERICA,                              DECISION AND ORDER

                        Respondent.
_____

On February 6, 2020, the Court denied Petitioner Joseph Mitchell's motion to vacate under 28 U.S.C. § 2255. *See United States v. Mitchell*, No. 14-CV-6350, 2020 WL 587883 (W.D.N.Y. Feb. 6, 2020). Citing Rules 60(b)(5) and (b)(6) of the Federal Rules of Civil Procedure, Mitchell now moves to "re-open his Section 2255 proceedings." ECF No. 245 at 1. The government opposes the motion. ECF No. 250. For the reasons that follow, Mitchell's motion is DENIED.

Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding" for several enumerated reasons. Fed. R. Civ. P. 60(b). A court may grant relief under subsection (b)(5) if "the judgment has been satisfied, released, or discharged[,] it is based on an earlier judgment that has been reversed or vacated[,] or applying it prospectively is no longer equitable"; and may do so under subsection (b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). In the habeas context, however, Rule 60(b) may be invoked "only when the . . . motion attacks the integrity of the habeas proceeding and not the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Because Mitchell has already filed one Section 2255 motion, the Court must determine whether the current filing is "a *bona fide* Rule 60(b) motion [or] a disguised second or successive habeas petition," *Hall v. Haws*, 861 F.3d 977, 985 (9th Cir. 2017), subject to the requirements of 28 U.S.C. §§

2244(a), 2244(b)(3), and 2255(h). In other words, a petitioner who uses Rule 60(b) "to present new claims for relief from [his criminal] judgment—even claims couched in the language of a true Rule 60(b) motion"—is "in substance" presenting a "successive habeas petition [which] should be treated accordingly." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005); *see, e.g.*, *Graves v. Phillips*, 531 F. App'x 27, 29 (2d Cir. 2013) (summary order) (petitioner's Rule 60(b) motion was an improper successive habeas petition to the extent it "raise[d] a new objection to his conviction based on a *Brady* violation distinct from that which formed the basis of his original habeas petition," but was a permissible Rule 60(b) motion to the extent it "alleged a due process violation in his original habeas proceeding").

In this case, Mitchell does not challenge any "defect in the integrity of the federal habeas proceedings," *Gonzalez*, 545 U.S. at 532, but instead raises new claims that he allegedly could not have raised earlier. First, in light of the legalization of marijuana in New York and President Biden's pardon of low-level marijuana offenses, Mitchell asserts that he is "entitled to re-sentencing" as a matter of due process. ECF No. 245 at 7-8. Second, Mitchell contends that his plea was not knowing or voluntary because his counsel failed to inform him that he was waiving his right to "attack changes in the law as to his prior[] [convictions]." *Id.* at 10 (emphasis omitted). These claims call into question the integrity of Mitchell's conviction and sentence, *not* his previous habeas proceeding, and thus may not be brought pursuant to Rule 60(b). *See Ward v. Griffin*, No. 15-CV-2579, at *2 (E.D.N.Y. June 22, 2020) ("A motion that seeks to add a new ground for relief . . . can only be raised in a successive habeas petition, as compared to a motion identifying some defect in the integrity of the federal habeas proceedings, which may be considered on a Rule 60(b) motion." (internal quotation marks omitted)); *see also Rodriguez v. United States*, No. 09-CV-2063, at *4 (S.D.N.Y. Aug. 28, 2018) ("[Petitioner] presents entirely new ineffective assistance

2

claims involving his trial and appellate counsel that were not raised during his habeas proceedings. These claims directly attack, and seek modification of, [his] sentence. Such claims cannot be presented for the first time in a Rule 60(b)(6) motion.").

Accordingly, the Court denies Mitchell's purported Rule 60(b) motion because it is, in fact, "beyond the scope of Rule 60(b)." *Mighty v. United States*, No. 15-CR-6109, 2022 WL 11961209, at *1 (W.D.N.Y. Oct. 20, 2022) (internal quotation marks omitted). To the extent Mitchell wishes to pursue these arguments via Section 2255, he must follow the procedures laid out in 28 U.S.C. §§ 2244(b)(3), and 2255(h).[1] *See* 28 U.S.C. § 2244(b)(3)(A) (requiring a petitioner to "move in the appropriate court of appeals for an order authorizing the district court to consider" a second or successive Section 2255 petition); 28 U.S.C. § 2255(h) (listing circumstances in which a second or successive petition may be certified); *see also Washington v. United States*, 868 F.3d 64, 64-65 (2d Cir. 2017) (mem. op.) (discussing standards for second or successive Section 2255 motions).

For these reasons, Mitchell's Rule 60(b) motion (ECF No. 245) is DENIED.

IT IS SO ORDERED.

Dated: June 12, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[1] The Court's ruling should not be understood to preclude Mitchell from pursuing other avenues to obtain relief, including compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).